IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUKE JOHN SCOTT, SR.,<br><br>Defendant. | Cause No. CR 19-29-GF-BMM<br>CR 19-30-GF-BMM<br><br>ORDER re: Jury and Grand Jury Lists |

The Court previously granted a motion by Defendant Luke John Scott, Sr. ("Scott") to proceed pro se in CR-19-29-GF-BMM and CR-19-30-GF-BMM. (CR-19-29-GF-BMM, Doc. 73 & CR-19-30-GF-BMM, Doc. 72.) Scott has filed a request with the Clerk of the Court on March 6, 2020, in which he seeks all jury lists and grand jury lists "for the last 10 years." (CR-19-29-GF-BMM, Doc. 83 & CR-19-30-GF-BMM, Doc. 82.) Scott makes this request pursuant to the Sixth Amendment fair cross-section requirement. (*Id.*)

Scott cites the United States Supreme Court's decision in *Duren v. Missouri*,

1

439 U.S. 357 (1979), to support his claim. (CR-19-29-GF-BMM, Doc. 83 & CR-19-30-GF-BMM, Doc. 82.) The Supreme Court in *Duren* addressed a jury selection system that allowed a woman an automatic exemption from jury service if she requested it. *Duren*, 439 U.S. at 360. The petitioner contended in pre-trial motions that this automatic exemption for women violated his right to a trial by a jury chosen from a fair cross-section of the community. *Id.* The trial court denied the motion and the Missouri Supreme Court affirmed. *Id.* at 362-63.

The Supreme Court reversed. The fair cross-section requirement serves to ensure that "'jury wheels, pools of names, panels, or venires from which juries are drawn [do] not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.'" *Id.* at 363–64 (quoting *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975)). A defendant who seeks to challenge the process of selecting a jury pool must show that the underrepresentation of a distinctive group in the community on jury venires arises from "systematic exclusion of the group in the jury selection process itself." *Duren*, 439 U.S. at 364.

Such a showing demonstrates that "the cause of the underrepresentation was systematic—that is, inherent in the particular jury selection process utilized." *Id.* at 366. The petitioner had made a prima facie case by showing that women had been underrepresented, generally and on his jury panel, due to their systematic exclusion

2

in the jury-selection process. *Id.* at 366. The petitioner further demonstrated that Missouri had failed to justify its infringement on the fair cross-section requirement based on any significant state interest. Missouri's blanket exclusion for any woman who requested it swept too broadly. *Id.* at 369-70.

Scott fails to allege exactly how the District of Montana violates the fair cross-section requirement. The jury plan employed by the District of Montana explicitly prohibits the exclusion of any person from service on a grand jury or jury "on account of race, color, religion, sex, national origin, or economic status." Jury Plan, District of Montana, Section 1.05, Discrimination Prohibited. The District of Montana draws its list of potential grand jurors and jurors from "the lists of general election registered voters, licensed drivers and state identification holders." Jury Plan, Section 2.01, Source Lists. This use of source lists comports with the requirements of 28 U.S.C. § 1863 and its plan for random jury selection. Specifically, the plan prescribes an additional "source or sources of names in addition to voter lists where necessary to foster the policy and protect the rights secured by sections 1861 and 1862" of Title 28. 28 U.S.C. § 1863.

The District of Montana supplements the voter registration list with both the lists of licensed drivers in Montana and state identification card holders. Jury Plan, Section 2.01, Source Lists. This list encompasses those persons licensed to drive in Montana who do not vote and those persons who have obtained a Montana issued

identification card and do not vote. *Id.* This extra step helps ensure that the District of Montana draws as broad of cross-section of the community as possible. *Cf. United States v. Hernandez-Estrada*, 749 F.3d 1154 (9th Cir. 2014) (en banc) (rejecting claim that that the Southern District of California's exclusive use of registered voter rolls as its juror source list results in underrepresentation of African American and Hispanic citizens in the jury pool).

This system also comports with the belief in American jurisprudence that diversity begets impartiality in the manner that a "policy of inclusiveness" underlies the Sixth Amendment's fair cross-section of the community criterion. *See Davis v. Warden, Joliet Corr. Inst. at Stateville*, 867 F.2d 1003, 1013 (7th Cir. 1989). The District of Montana seeks to minimize violations of the fair cross-section requirement through these objective methods for the random selection of trial jurors. These objective procedures, by seeking to eliminate as far as possible the vagaries of human subjectivity and arbitrariness from the jury selection process, serve to promote a defendant's fundamental right to an impartial jury by ensuring that the selection process results in a jury panel or venire consisting of a fair cross-section of the community.

Accordingly, **IT IS ORDERED** that Scott's request for "the last 10 years for the grand jury list & petite jury lists" (CR-19-29-GF-BMM, Doc. 83 & CR-19-30-GF-BMM, Doc. 82.) is **DENIED** without prejudice. Scott may file a proper

motion with the Court to explain his need for the list to identify factors outlined by the Supreme Court in *Duren*, 439 U.S. at 364, that could support a claim for violation of the fair cross-section requirement.

DATED this 11th day of March, 2020.

Brian Morris
United States District Court Judge