IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUKE JOHN SCOTT, SR.,<br><br>Defendant. | Cause No. CR 19-29-GF-BMM<br>CR 19-30-GF-BMM<br><br>ORDER REGARDING DEFENDANT'S MOTION TO SUPPRESS AND MOTION IN LIMIINE |

The Indictment in CR-19-29-GF-BMM charges Defendant Luke John Scott, Sr. (Scott) with assault resulting in serious bodily injury and felony child abuse. (CR-19-29-GF-BMM, Doc. 1.) The Superseding Indictment in CR-19-30-GF-BMM charges Scott with aggravated sexual abuse and assault with intent to commit murder. (CR-19-30-GF-BMM, Doc. 42.) The Court allowed Scott to proceed *pro se* in both cases after having conducted a *Faretta* hearing to assess whether Scott undertook knowingly, intelligently, and voluntarily his decision to represent himself. (CR-19-29-GF-BMM, Doc. 73 at 1-2 & CR-19-30-GF-BMM, Doc. 72 at 1-2.) Trial is currently scheduled in CR-19-29 on August 11, 2020, and in CR-19-30 on August 25, 2020. (CR-19-29-GF-BMM, Doc. 102 & CR-19-30-

1

GF-BMM, Doc. 100.)

Scott has now filed what he fashions as an *ex parte* motion to suppress (CR-19-30-GF-BMM, Doc. 127) and a motion in limine to suppress his statements to law enforcement (CR-19-30-GF-BMM, Doc. 129). The Court is aware of no basis to permit a party to file an *ex parte* motion to suppress and Scott provides none. The Court directs the Clerk of Court to unseal the motion (CR-19-30-GF-BMM, Doc. 127) and file it in the regular course. The Court further directs the government to respond to Scott's motion to suppress.

The Court would note that it appears that Scott seeks to suppress statements that he made to law enforcement, statements from law enforcement to obtain arrest warrants, and testimony from law enforcement to the grand jury. (CR-19-30-GF-BMM, Doc. 127.) Scott also has filed what he labels as "Defendant's Exhibit List for *Franks* Hearing" in both CR-19-29 and CR-19-30. (CR-19-29-GF-BMM, Doc. 137 & CR-19-30-GF-BMM, Doc. 128.) This list appears to relate to Scott's motion to suppress in CR-19-30, Doc. 127.

The Court assumes that Scott refers to the decision of the U.S. Supreme Court in *Franks v. Delaware*, 438 U.S. 154 (1978). The Supreme Court addressed a challenge to the affidavit attached to a search warrant application. *Franks*, 438 U.S. at 155-156. To succeed on a *Franks* claim, a defendant must show (1) that a law enforcement official deliberately or recklessly included a false statement or

omitted a true statement from the warrant affidavit, and (2) establish that the warrant affidavit would not establish probable cause if the false or omitted information was omitted from the analysis. *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017). A defendant may receive a *Franks* hearing, however, only if they make "a substantial preliminary showing" on both prongs of the *Franks* analysis. The party must then satisfy both prongs by a preponderance of evidence at the *Franks* hearing. *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002).

The Court directs the government, in its response, to address the issue of whether a search pursuant to a warrant took place in this case. If no search took place, the government should address whether a *Franks*-type attack can be made either on an affidavit in support of an arrest warrant (if one issued in this case) or on testimony of law enforcement officers to the grand jury. Finally, if Scott may mount a *Franks*-type attack in this case, the government should address whether Scott has made "a substantial preliminary showing" on both prongs of the *Franks* analysis.

With respect to Scott's motion in limine (CR-19-30-GF-BMM, Doc. 129), it appears that Scott seeks to assert his rights under the Fourth Amendment to suppress statements obtained from him by law enforcement. Scott alleges that the law enforcement officers obtained his statements while he was "intoxicated" and

through the use of "tricks and artifices." (*Id.* at 2.) Scott also seeks to suppress statements that he made in a later interview with the FBI and a Fort Peck Tribal Criminal Investigator and physical evidence that he apparently provided to these law enforcement officers. (*Id.* at 5.) The government should construe Doc. 129 as a motion to suppress and respond accordingly pursuant to the Federal Rules of Criminal Procedure.

The Court will review the government's responses to determine whether a hearing will be necessary to resolve these motions.

It is **ORDERED** that the Clerk of Court will unseal Scott's motion to suppress (CR-19-30-GF-BMM, Doc. 127) and file it in the normal course.

DATED this 8th day of May, 2020.

/s/ Brian Morris
_____
Brian Morris, Chief District Judge
United States District Court