IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LUKE JOHN SCOTT, SR., <br><br> Defendant. | Cause No. CR-19-30-GF-BMM <br><br> ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

## BACKGROUND

The Superseding Indictment charges Luke John Scott, Sr. ("Scott") with aggravated sexual abuse and assault with intent to commit murder. (Doc. 43.) After conducting a *Faretta* hearing, the Court determined Scott knowingly, intelligently, and voluntarily undertook his decision to represent himself and allowed him to proceed *pro se* in both cases. (Doc. 72 at 1-2.) Trial is currently scheduled on August 25, 2020. (Doc. 100.) Scott has filed two prior motions to dismiss in this case. (Docs. 102, 108.) The Court denied both motions. (Doc. 122.) Scott now files

1

his third motion to dismiss. (Doc. 139.) The Government opposes the motion. (Doc. 158.)

## DISCUSSION

I. **Whether there was an impermissible pre-indictment delay.**

Scott argues first that an impermissible pre-indictment delay by the Government violated his due process rights. (Doc. 139 at 2.) To succeed on a due process claim of impermissible pre-indictment delay, the defendant first must prove non-speculative actual prejudice from the delay. *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). The Court then weighs the delay against the reasons behind the delay. *Id*. Mere delay between the commission of an offense and the bringing of charges proves insufficient to demonstrate a due process violation. *United States v. Marion*, 404 U.S. 307, 326 (1971). Generalized assertions of the loss of memory, witnesses, or evidence fail to establish actual prejudice. *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995).

The grand jury issued Scott's first indictment on April 19, 2019, for crimes committed in July 2017. (Doc. 1.) The grand jury issued Scott's Superseding Indictment on November 7, 2019. (Doc. 43.) This mere delay between Scott's offense and the Indictments, without more, fails to demonstrate prejudice. *See Marion*, 404 U.S. at 326. Likewise, Scott has presented nothing more than generalized assertions regarding lost witnesses. He argues that testimony of these

2

unnamed witnesses would have bolstered his defense and that he cannot mount a proper defense without those witnesses. (Doc. 140 at 2.) He also argues, without offering any non-speculative supporting evidence, that the witnesses would have testified that Scott's recollection of events was accurate and reliable. (*Id*. at 3.) These statements prove insufficient to show actual prejudice. *See Manning*, 56 F.3d at 1194. The pre-indictment delay did not violate Scott's due process rights.

## II. Whether investigators failed to collect potentially exculpatory evidence.

Scott next argues that the failure of the investigators from the Federal Bureau of Investigation ("FBI") and other investigators to collect material evidence violated his due process rights. (Doc. 140 at 6.) Specifically, he cites video surveillance that "would have enabled the Defendant to present evidence that would have not rendered this case circumstantial." (*Id*.) Failure to collect potentially useful evidence does not constitute a denial of due process unless the defendant can show bad faith on the part of the police. *Miller v. Vasquez*, 868 F.2d 1116, 1120 (9th Cir. 1989). Bad faith consists of "official animus" or "a conscious effort to suppress exculpatory evidence." *California v. Trombetta*, 467 U.S. 479, 488-89 (1984).

Scott makes no allegation of bad faith by law enforcement. He argues instead that the time lapse was negligent, reckless, and substantially prejudicial to his case. (Doc. 140 at 7.) These assertions characterize neither "official animus"

3

nor "a conscious effort to suppress exculpatory evidence." *See Trombetta*, 467 U.S. at 488-89. Scott has failed to make a showing of bad faith by law enforcement.

### III. Whether the prosecution of Scott is vindictive.

Finally, Scott argues that his indictment in a separate criminal case (CR-19-29-GF-BMM) and the Superseding Indictment (Doc. 43) arose from prosecutorial vindictiveness. (Doc. 140 at 8-9.) A defendant may establish prosecutorial vindictiveness by producing direct evidence of the prosecutor's punitive motivation toward the defendant. *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). Absent direct evidence, a presumption of vindictiveness arises if the defendant shows that the prosecution filed additional charges because of the defendant's exercise of a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness. *Id*.

To establish this presumption, there must exist a realistic or reasonable likelihood that the government would not have brought additional charges, but for hostility or a punitive animus toward the defendant because he elected to exercise specific legal rights. *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982) (citations omitted). The presumption of vindictiveness remains a flexible concept, and the prosecutor has broad discretion before trial. *United States v. Goodwin*, 457 U.S. 368, 381-82 (1982). If a defendant makes either showing, the burden shifts to the government to show independent reasons or intervening

4

circumstances that dispel the appearance of vindictiveness. *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 442 (9th Cir. 2007) (citations omitted).

Scott argues that the Government meant for the Indictment in CR-19-29-GF-BMM to "add to the potential time Scott would face once those charges were filed to get him to take a plea deal." (Doc. 140 at 8.) The prosecution has broad discretion before trial to add charges for any number of permissible reasons. Scott has presented no evidence of actual vindictiveness. The Court finds that no impermissible reasons led to the additional Indictment.

Scott also argues that the Superseding Indictment adding a charge of assault with intent to commit murder ("Count II") represented retaliation for Scott's filing of a civil suit (CV-19-63-GF-BMM) on September 6, 2019, against the prosecution. (Doc. 140 at 8.) Scott cites his trial "on October 25th, 2019" in CR-19-29-GF-BMM as the impetus for this retaliation. (*Id*. at 9.) On October 16, 2019, the Court continued Scott's trial in CR-19-29-GF-BMM, which had been set for October 28, 2019, to take place instead on December 16, 2019. (CR-19-29-GF-BMM, Doc. 36.) On October 25, 2019, the Court continued Scott's trial in this proceeding, which had been set for December 9, 2019, to take place on January 21, 2020. (Doc. 38.) Neither case went to trial on October 25, 2019. The fact that the grand jury issued Scott's Superseding Indictment after he filed his civil suit falls short. Scott has presented no other evidence that leads to a presumption of

5

vindictiveness.

Accordingly, **IT IS HEREBY ORDERED** that Scott's Motion to Dismiss (Doc. 139) is **DENIED**.

DATED this 4th day of June, 2020.

Brian Morris, Chief District Judge
United States District Court