IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 19-30-GF-BMM |
| Plaintiff, | |
| vs. | ORDER RE: DEFENDANT'S MOTION IN LIMINE (DOC. 151) |
| LUKE JOHN SCOTT, SR., | |
| Defendant. | |

## BACKGROUND

The Superseding Indictment charges Defendant Luke John Scott, Sr. ("Scott") with aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153(a) and 2241(a), and assault with intent to commit murder, in violation of 18 U.S.C. §§ 1153(a) and 113(a)(1). (Doc. 43.) The Court allowed Scott to proceed *pro se* after having conducted a *Faretta* hearing to assess whether Scott undertook knowingly, intelligently, and voluntarily his decision to represent himself. (Doc. 72 at 1-2.) Trial is currently set for August 25, 2020. (Doc. 100.)

A grand jury also indicted Scott on two counts in Cause No. CR-19-29-GF-BMM. (CR-19-29-GF-BMM, Doc. 1.) The Indictment in Cause No. CR-19-29-GF-BMM charges Scott with assault resulting in serious bodily injury and felony child abuse. (*Id.*) A jury trial in Cause No. CR-19-29-GF-BMM is scheduled to

1

begin on August 11, 2020. (CR-19-29-GF-BMM, Doc. 102.) Scott represents himself in that criminal proceeding as well. (CR-19-29-GF-BMM, Doc. 73.) Scott previously pleaded guilty in federal court to assault resulting in serious bodily injury in 2010. (CR-10-22-GF-BMM, Doc. 17 at 2.)

## DISCUSSION

Scott has filed a Motion in Limine in Cause No. CR-19-30-GF-BMM. (Doc. 151.) Scott asks the Court to prohibit the Government from introducing two types of Fed. R. Evid. 404(b) evidence. (Doc. 152 at 2, 4.) Fed. R. Evid. 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Scott requests that the Court prohibit the Government from presenting evidence of the Fort Peck Indian Reservation assault investigation relevant to Cause No. CR-19-39-GF-BMM. (*Id.* at 1.) Scott also requests that the Court prohibit the Government from presenting evidence of Scott's prior criminal history and other bad acts. (*Id.* at 4-5.) Scott seeks an order excluding the Fed. R. Evid. 404(b) evidence in both the Government's case-in-chief and for impeachment purposes. (Doc. 152 at 2, 4.)

The Government responds that it does not intend to admit evidence related to Cause No. CR-19-29-GF-BMM during its case-in-chief. (Doc. 162 at 2.) The Government also states that it will not seek to admit Scott's prior criminal history

2

or other bad act evidence, such as Scott's escape from Fort Peck Tribal Jail, Scott's assault of a corrections officer at Fort Belknap Tribal Jail, or Scott's 2010 assault conviction during its case-in-chief. (*Id.* at 2-3.) The Government represents that it will admonish its witnesses to not testify about Cause No. CR-19-29-GF-BMM or Scott's other prior bad acts. (*Id.* at 3.) The Government asserts that it may, however, seek to address the Fed. R. Evid. 404(b) evidence for impeachment or rebuttal purposes, should Scott make the prior acts an issue at trial. (*Id.*) The Government asks the Court to reserve its ruling on the use of the evidence for impeachment or rebuttal purposes until and unless it becomes an issue at trial. (*Id.*)

The Court will grant Scott's motion in limine (Doc. 151) to the extent that the parties agree that the Government will not present the Fed. R. Evid. 404(b) evidence during its case-in-chief. The Government is prohibited from admitting evidence relating to Cause No. CR-19-29-GF-BMM or Scott's other prior bad acts in its case-in-chief. The evidence may prove admissible, however, for impeachment or rebuttal purposes. *See, e.g.*, Fed. R. Evid. 608. The Government may seek permission from the Court to address evidence relating to Cause No. CR-19-29-GF-BMM or Scott's other prior bad acts for impeachment or rebuttal purposes, should Scott make the acts an issue at trial.

The Government notes that, if Scott testifies at trial, it believes Scott's 2010

3

assault conviction would be admissible as impeachment evidence pursuant to Fed. R. Evid. 609(a)(1)(B). (Doc. 162 at 3-4.) The Government states that a pre-trial evidentiary ruling on that issue could be appropriate. (*Id.*) The Court addressed the same issue in Cause No. CR-19-29-GF-BMM and deferred its ruling if or until Scott decides to testify at trial. (CR-19-29-GF-BMM, Doc. 55 at 4.) In light of that ruling, the Government states that it will raise the issue if it becomes appropriate at trial. (Doc. 162 at 4.)

## ORDER

**IT IS HEREBY ORDERED** that Scott's Motion in Limine (Doc. 151) is **GRANTED** to the extent discussed herein. The Government is prohibited from presenting evidence relating to Cause No. CR-19-29-GF-BMM or Scott's other prior bad acts during its case-in-chief. The Government may seek permission from the Court to present evidence relating to Cause No. CR-19-29-GF-BMM or Scott's other prior bad acts for impeachment or rebuttal purposes, should Scott make the acts an issue at trial.

DATED this 8th day of June, 2020.

_____
Brian Morris, Chief District Judge
United States District Court