IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> vs. </br></br> LUKE JOHN SCOTT, SR., </br></br> Defendant. | CR-19-30-GF-BMM </br></br> ORDER |

Defendant Luke John Scott, Sr. ("Scott") is representing himself in the above-captioned criminal case, with Bryan Norcross acting as stand-by counsel. (Doc. 73). Scott requested a hearing on several pending motions. (Doc. 299).

The first is a Motion to Suppress his statement made to the FBI and tribal criminal investigators as well as any other evidence arising from his tribal arrest. (Doc. 299). He argues in part that his arrest constituted an illegal seizure because the arrest lacked probable cause and the tribal prosecutors did not afford him a preliminary hearing to contest the evidence prior to his arrest. (Doc. 300).

The second is a Motion in Limine to suppress evidence of Scott's tribal arrest in a case arising from an unrelated allegation of aggravated sexual abuse of a child. (Doc. 301).

The Court set a hearing on both pending motions for December 22, 2020. (Doc. 314). Scott submitted an *ex parte* motion for the issuance of a number of subpoenas that he represented were necessary for the hearing. (Doc. 322). The Court issued those subpoenas Scott requested based on his representations of their relevance to the pending motions. (Doc. 323).

The Government has since filed motions to quash at least two of those issued subpoenas. (Docs. 324, 326). The Government points to two subpoenaed witnesses in particular who contacted the Government following receipt of the subpoenas. (Docs. 324, 326). The Government asserts that one witness, Sean Redboy, was not involved in Scott's case until after his arrest, and so could not provide evidence to analyze the probable cause leading to that arrest. (Doc. 324). The Government further asserts that another subpoenaed witness, Dr. Scott Stephens, did not examine Jane Doe. (Doc. 326). Dr. Stephens rather was involved in a separate and unrelated legal matter involving Scott. *Id.*

The Government filed a Motion to Vacate the hearing set for December 22, 2020. (Doc. 324). The Government urged in the alternative that the Court quash subpoenas relating to the hearing in light of their irrelevance and reconstitute the December 22 hearing as a scheduling hearing to discuss how to proceed on the pending motions. *Id.* The Court will quash subpoenas issued in light of the

evidence raised by the Government. There are factual and legal issues relating to Scott's subpoenas and motions that must be resolved before testimony is sought.

The Government further represented in their Motion to Vacate that it would support the Court's granting Scott's Motion in Limine to exclude evidence of his tribal arrest in an unrelated case for aggravated sexual abuse of a child. (Doc. 324 at 5). The Court previously granted a similar motion to prevent the admission of evidence relating to that allegation of aggravated sexual abuse of a child. (Doc. 286). The Court there granted the motion "with regard to the federal government's case-in-chief" and clarified that the Court "may reconsider this motion if Scott opens the door to such testimony." *Id.* The Court will similarly grant Scott's Motion in Limine (Doc. 301) with the same caution.

**IT IS ORDERED** that:

- The Government's Motion to Quash (Doc. 326) is **GRANTED** and all subpoenas granted for the evidentiary hearing (Doc. 323) are **QUASHED**;

- The Government's Motion to Vacate (Doc. 324) is **GRANTED** and the hearing on December 22, 2020, is vacated;

- The Court sets a scheduling hearing for December 22, 2020, at 4:00 pm to discuss pending motions and whether further evidence is needed to resolve those motions; and

- Scott's Motion in Limine (Doc. 301) is **GRANTED IN PART** with regard to the Government's case-in-chief; the Court may reconsider this motion if Scott opens the door to such testimony; the Court requested that the Government call for a sidebar should it believe that Scott has opened the door to such evidence before attempting to introduce that evidence at trial.

Dated the 18th day of December, 2020.

_____
Brian Morris, Chief District Judge
United States District Court