IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LUKE JOHN SCOTT, SR.,<br><br>　　　　　　Defendant. | CR-19-30-GF-BMM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL (DOC. 382) |

## INTRODUCTION

Defendant Luke John Scott, Sr. ("Scott") is representing himself in the above-captioned criminal case. (Doc. 73). Scott's jury trial began January 26, 2021. (Doc. 364). The jury returned a guilty verdict on Count 1 and on the lesser included offense in the superseding indictment on January 28, 2021. (Doc. 369). Sentencing is scheduled for March 24, 2021 at 1:30 p.m. at the federal courthouse in Great Falls, Montana.

The Court denied at trial a motion for judgment of acquittal under Fed. R. Crim. P. Rule 29. (Doc. 368). Scott has now filed a "motion to dismiss notwithstanding the verdict." (Doc. 382). The Court will treat this as a renewed motion for judgment of acquittal under Rule 29(c). *See* Fed. R. Crim. P. 29(c)(1).

## ANALYSIS

In resolving a Fed. R. Crim. P. Rule 29 motion, a Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "The government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or 'rule out every hypothesis except that of guilty beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (quoting *Jackson*, 433 U.S. at 326).

A court must assume that the jury resolved all issues of credibility and all evidentiary conflicts in a manner that supports the verdict. *United States v. Gillock*, 886 F.2d 220, 222 (9th Cir. 1989). Circumstantial evidence alone can support a defendant's conviction. *See United States v. Cordova Barajas*, 360 F.3d 1037, 1041 (9th Cir. 2004).

**I.  Aggravated Sexual Assault**

For Scott to be found guilty of aggravated sexual abuse, the government had to prove the following elements beyond a reasonable doubt: 1) the defendant knowingly used force to cause Jane Doe to engage in a sexual act; 2) the defendant is an Indian person; and 3) the offense was committed within the exterior boundaries of the Fort Peck Indian Reservation. *See* 18 U.S.C. §§ 1153(a) and

2241(a). Scott argues that the government failed to produce evidence that he used force or a threat to cause Doe to engage in the sexual act, and that the government failed to produce sufficient evidence "that a sexual act had taken place at all." (Doc. 382 at 4, 6–7).

The government presented evidence at trial that Scott had used force or a threat to cause Doe to engage in the sexual act. Jane Doe, the victim in this case, testified under oath that Scott physically assaulted her, placed his hand over her mouth, and placed his arm around her neck to constrict her breathing. Doe described that Scott went on to force her to engage in a sexual act. Doe's direct witness testimony constitutes evidence. Additional evidence further corroborated the use of force. The sexual assault nurse examiner, Lyndie Jolie, testified that Doe described during her examination having been sexually assaulted. Jolie testified that she observed blood pooling in Doe's vaginal vault, which she testified could be caused only by injury. Jolie testified regarding additional physical injuries that she observed on Doe, and she showed images of those observed injuries to the jury. Jolie's testimony and photographs constitute evidence of Scott's use of force that caused Doe to engage in the sexual act.

The government also presented evidence at trial that that a sexual act had taken place. The above testimony from Jane Doe and the sexual assault nurse examiner constitute direct and circumstantial evidence that a sexual act occurred.

Further, Scott's own previous statements constitute evidence that a sexual act took place. Fort Peck Tribes Department of Law & Justice Officer Coretta Greybear testified at trial regarding Scott's written and oral statements that he had consensual sex with the victim. FBI Special Agent Burke Lanthorn testified to Scott's recorded statement that he had consensual sex with the victim. Scott's previous statements regarding having consensual sex with Jane Doe also constitute evidence.

It remains the responsibility of the jury to weigh conflicting evidence and the credibility of the evidence presented. The jury weighed such evidence and returned a guilty verdict. The government presented evidence sufficient for a rational juror to conclude Scott committed aggravated sexual assault. The Court will deny Scott's motion to acquit on this count.

## II. Assault by striking, beating, or wounding

For Scott to have been found guilty of assault by striking, beating, or wounding, the government had to prove the following elements beyond a reasonable doubt: 1) the defendant assaulted Jane Doe by intentionally striking or wounding her; 2) the defendant is an Indian person; and 3) the offense was committed within the exterior boundaries of the Fort Peck Indian Reservation. *See* 18 U.S.C. §§ 1153(a) and 113(a)(4). Scott argues that "there was no evidence of a beating or striking at all or that Mr. Scott, Sr. wounded [Doe]." (Doc. 382 at 11).

The government presented evidence at trial that Scott assaulted Doe by striking her or beating her. Doe testified that Scott placed his hand over her mouth and his arm around her neck to impede her breathing. The sexual assault nurse examiner presented photographic and testimonial evidence about a variety of injuries potentially consistent with an assault.

It remains the responsibility of the jury to weigh conflicting evidence and the credibility of the evidence presented. The jury weighed such evidence and returned a guilty verdict. The government presented evidence sufficient for a rational juror to conclude Scott committed an assault by striking, beating, or wounding. The Court will deny Scott's motion to acquit on this count.

## ORDER

**IT IS ORDERED** that Scott's Motion for Judgment of Acquittal (Doc. 382) is **DENIED**.

Dated the 18th day of February, 2021.

_____
Brian Morris, Chief District Judge
United States District Court